LARRY LARSON & ASSOCIATES, Plaintiffs and Appellants, *v.* JOHN R. DAILY, INC., Defendant and Respondent.

No. 12057.
Submitted Sept. 22, 1971.
Decided Nov. 9, 1971.
490 P.2d 355.

Tipp, Hoven & Brault, Vernon B. Hoven (argued), Missoula, for plaintiffs and appellants.

Garnaas, Hall & Riley, Harold L. Garnaas (argued), Missoula, for defendant and respondent.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from a judgment in favor of defendant on a debt complaint and in favor of defendant on its cross complaint in the district court, county of Missoula, Hon. Jack L. Green, Judge Presiding. Judgment was entered on findings of fact and conclusions of law dismissing plaintiff's complaint with prejudice and awarding defendant the sum of $750 punitive damages on its cross complaint.

By stipulation of counsel, the sole question presented to the district court was whether certain policies of insurance, ordered by defendant and sold by plaintiff, were for a one year term or a three year term. It was further stipulated that should the policies be determined to be one year policies, then defendant should also be granted judgment as prayed for in its cross complaint.

From the evidence and testimony admitted at trial, it is apparent that in the fall of 1967 defendant solicited bids for liability insurance from several agencies or companies. Defendant specifically requested a bid for insurance for a one year period.

Plaintiff was the successful low bidder and issued and delivered to defendant seven policies of insurance with an annual premium of $13,819. Defendant failed to examine the policies upon delivery but handed them over to a secretary to be deposited in the safe. Unknown to the defendant and contrary to the terms of the bid, the several policies were issued covering a three year period instead of a one year period.

Prior to the first anniversary of the policies the defendant informed plaintiff that the same insurance coverage could be purchased from a competitor at a lower rate and if plaintiff still wanted the business, plaintiff would have to "sharpen his pencil". When the anniversary date arrived, *plaintiff requested additional time from defendant to submit a competitive bid*. As of the anniversary date, no mention had been made by either party that the term of the initial policies was for a three year period. Plaintiff agreed to keep defendant's present policies in force until it was positive that it could not meet the competitor's price.

The insurance remained in effect for ten days beyond the policies' anniversary date. At the end of ten days, plaintiff notified defendant that it could not offer a lower bid and if defendant "cancelled" the present policies there would be a penalty charge. Defendant "cancelled" the policies with the plaintiff and ordered insurance from another agency. Defendant then remitted to plaintiff the sum of $373, the amount determined by defendant to be due plaintiff for the additional ten days' coverage, computed as follows: Annual rate $13,819 divided by 365 days and multiplied by 10 days = $373. (sic).

Plaintiff brought this action to recover $1,625.61 ($1,548.00 + 77.61 interest), the amount determined by the Montana Multiperil Rating Bureau to be due plaintiff for the short rate cancellation of the policies. In an attempt to effect collection, plaintiff attached defendant's bank account; the attachment is the ground for defendant's counterclaim.

Plaintiff-appellant has presented four issues for review.

1. Did the court err in determining that the order for insurance was binding on the plaintiff?

2. Did the terms of the policies of insurance supersede any prior negotiations between plaintiff and defendant?

3. Did the court err in determining that the premium due plaintiff by defendant for the ten day period was $373 rather than $1,548?

4. Was defendant entitled to punitive damages?

The first two issues do not reach the heart of the problem as we see it. Since this is an action to recover a specific sum of money, it is an action of debt *ex contractu.* Therefore, the real and only pertinent issue to be resolved here is what premium rate should be applied to the cancellation and additional ten days' coverage.

Defendant-respondent has raised one other issue for our consideration: Whether defendant is entitled to additional damages under the provisions of Rule 32, M.R.App.Civ.P.

While there was considerable conflict in the testimony presented at trial, it is agreed, admitted or otherwise established that: (1) Prior to December 6, 1967, defendant solicited bids for insurance coverage for a one year period. (2) Plaintiff submitted a proposal to defendant quoting a premium price for a one year period. (3) Defendant accepted plaintiff's bid and ordered insurance from plaintiff for a one year term. (4) Plaintiff delivered to defendant policies covering a three year term. (5) Defendant never examined the policies to determine the written terms contained therein.

Plaintiff contends that the amount prayed for in its complaint represents the sum due for the additional ten days' coverage, plus a penalty fee for short rate cancellation of the policies and interest thereon, minus the sum of $373 which had already been remitted by defendant.

The record on appeal establishes that the policies in question were written for a three year term and the annual premium due thereon was $13,819. Defendant has paid the annual premium for the first year of coverage, plus $373 for the additional ten

days. Plaintiff's president, Mr. Ray Conger, stated in his deposition that when policies of insurance are cancelled prior to their anniversary or termination date, a short rate factor is applied to the premium due on that particular coverage. He further stated that in this case there would have been no additional premium due if (1) the policies had been cancelled on their anniversary date, and (2) notice of defendant's intention to cancel has been submitted prior to that date.

In order to resolve the primary issue concerning what premium should be charged we first must determine at what point in time defendant submitted its notice of intent to cancel the policies. While plaintiff contends the policies "were cancelled" on December 16, 1968, there is substantial evidence that plaintiff was, at the very least, on constructive notice sometime prior to December 6, 1968, that defendant fully intended to cancel the policies in question if plaintiff could not offer a lower premium rate.

There is no evidence in the record that the policies of insurance specified just how far in advance of cancellation such notice must be submitted in order to avoid the penalty premium. On these facts, it is sufficient that defendant notified plaintiff prior to the anniversary date of its intention to cancel the policies. Therefore, we do not feel that plaintiff is entitled to a penalty premium.

This brings us to the issue of what is a proper premium for the additional ten days of coverage which plaintiff offered to defendant. While Mr. Conger, president of plaintiff, denies in his deposition that he requested defendant to keep the policies in force for the additional ten days, the evidence suggests otherwise. Plaintiff attempted to submit a competitive bid for the coming year and its motion to amend findings of fact admits that it requested additional time to meet the competitor's bid. Since defendant was seeking a lower premium rate and the additional coverage was at the request of plaintiff's president, it is not unreasonable that the premium due thereon should be

236

computed as a factor (10/365) of the regular annual premium of $13,819.

In its cross complaint, defendant prayed for punitive damages in the sum of $5,000 and special damages in the sum of $1,000 for wrongful attachment of its bank account by plaintiff. The district court held defendant had failed to prove any special damages and that $750 punitive damages was "reasonable and adequate". We agree. The deposition of plaintiff's president, Ray Conger, recites that defendant's bank account was attached to insure the availability of adequate funds to pay the penalty premium even though plaintiff knew and admitted that defendant was a "substantial business concern". Another reason offered for the attachment, as Mr. Conger stated, was "to move the action along a little quicker". This reasoning is dubious because action had already been filed in the district court and defendant had filed its answer.

Upon these facts, defendant is entitled to punitive damages and we agree with the district court that the sum of $750 is "reasonable and adequate".

As to defendant's request for additional damages, Rule 32, M.R.App.Civ.P., provides:

"If the supreme court is satisfied from the record and the presentation of the appeal, that the same was taken without substantial or reasonable grounds, but apparently for purposes of delay only, such damages may be assessed on determination thereof as under the circumstances are deemed proper."

Were we to consider the possibility of fraud perpetrated upon defendant by plaintiff, there may have been a basis for assessment of damages under Rule 32, M.R.App.Civ.P. However, the basis of the district court's findings was otherwise; that is—the court found a binding material contract for insurance covering a one year term. We cannot say, under these circumstances, plaintiff's reliance on the general rule of contract law that absent fraud, duress or mutual mistake, the terms of a written contract may not be altered by parol evidence amounts

to a lack of substantial or reasonable grounds, as those terms are used in Rule 32, M.R.App.Civ.P.

Accordingly, we affirm the judgment for reasons stated and deny additional damages.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES JOHN C. HARRISON, DALY and HASWELL, concur.