No. 12372

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

MONTANA MOBILE HOME TOURIST
COURT, INC., a Montana corporation,
and LAWRENCE M. AABERG and MILDRED
L. AABERG,

Plaintiffs and Respondents,

-vs-

GLEN FINLEY and MADELINE E. FINLEY,
husband and wife,

Defendants and Appellants.

---

Appeal from: District Court of the Eighth Judicial District,
Honorable Paul G. Hatfield, Judge presiding.

Counsel of Record:

For Appellants:

John C. Hall argued, Great Falls, Montana

For Respondents:

Dzivi, Conklin, Johnson and Nybo, Great Falls, Montana
Richard Dzivi argued, Great Falls, Montana

---

Submitted: September 10, 1973

Decided: SEP 2 6 1973

Filed: SEP 2 6 1973

Thomas J. Kearney
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal by defendants from an adverse decision of the district court of the eighth judicial district, county of Cascade. Suit to enforce a contract for the sale of a trailer court was filed by plaintiffs which alleged default by defendants. Defendants plead misrepresentation and sought a recission of the contract. Hon. Paul Hatfield, sitting without a jury, found for plaintiffs.

On July 30, 1970, plaintiffs entered into a contract for deed with defendants whereby they agreed to sell and defendants agreed to buy the real and personal property that comprised a mobile home tourist court. The real property involved included four separately described tracts or parcels of land.

Defendants took possession on August 1, 1970, and made a down payment of $15,000. The contract provided for monthly payments of $500 to begin on September 1, 1970 and for an additional payment of $10,000 in November 1970. After defendants took possession a dispute arose as to whether or not plaintiffs actually owned a parcel of land that had been specifically described by metes and bounds in the agreement and designated the "Dz land".

Defendants failed to make any of the payments provided in the agreement and on November 19, 1970, plaintiffs served defendants with a formal notice of default. Defendants ignored the default notice and failed to cure any of the specified defaults.

On December 29, 1970, plaintiffs filed this action for specific performance. Defendants counterclaimed for a recission of contract on the grounds of misrepresentation respecting the ownership of the "Dz land". Defendants alleged that a neighbor, one Haig, claimed that his lot extended 70 feet into the "Dz land". Defendants claimed they took the description of the Haig lot and

had a surveyor measure the distance set forth in the Haig deed for the south boundary of the property where Haig claimed his property extended to. This was the only measurement defendants' surveyor made and they relied on it solely in contesting the ownership of the land in question.

Plaintiffs introduced at trial testimony that four separate surveys of the land in question had been made prior to sale and as a result they had provided in the contract for title insurance to the defendants which insured good and merchantable title to the property in question. Additional testimony was introduced that plaintiffs, immediately prior to trial, employed one Roy Manett, a registered civil engineer, to survey the property in question. His survey and the title insurance clearly showed plaintiffs owned all the real property offered to defendants. Further, with this information before the court and by stipulation of the parties, the trial judge personally inspected the land and the survey markers.

On appeal defendants raise two issues:

1. Although this is an action involving an alleged fraud in sale of property, the trial court made no findings upon what representations were made and as to whether they were true or false, merely saying in its findings that "plaintiffs did not misrepresent a substantial or material part of the real property." This is at most a conclusion of law, and the case should be remanded for determination of the misrepresentations impliedly found by the court.

2. There was misrepresentation of material facts in the transaction sufficient to require a judgment for defendants.

As to issue 1, we have some difficulty following appellants' argument as set forth in their brief. The court's finding of fact No. VIII, states:

- 3 -

"That plaintiffs furnished to defendants in accordance with said Contract for Deed a good and adequate title insurance policy insuring title to the real property described in said Contract for Deed; that plaintiffs caused the real property which is the subject of the Contract for Deed to be surveyed and that said survey illustrates that plaintiffs did not misrepresent a substantial or material part of the real property so described; that the Contract for Deed between the parties was in full force and effect at the time this action was filed and plaintiffs were entitled to the relief demanded."

The trial judge's findings of fact and conclusions of law were adequate, and we find no merit in appellant's allegation.

In addition to challenging the ownership of the "Dz land" appellants alleged respondents failed to deliver certain personal property and failed to pay for certain expenses. The trial court made three specific findings concerning appellants' contentions. It found:

1. That the survey illustrated that plaintiffs did not misrepresent a substantial or material part of the real estate described.

2. That defendants had paid for pump repairs and garbage services although they were expenses owed by plaintiffs.

3. That the variances complained of by defendants both as to real property and as to personal property were not substantial or sufficiently material to effect a recission.

The findings of fact and conclusions of law of the trial court must be read in toto and, even considered in a light most favorable to appellants, do not justify the relief sought. The essential finding was that there was no material misrepresentation. That is sufficient to support the court's decision and judgment. Mondakota Gas Co. v. Becker, 151 Mont. 513, 445 P.2d 745.

The judgment of the trial court is affirmed.

_____

Associate Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

- 5 -