No. 13263

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

DALLAS D. ERICKSON,

                    Petitioner and Appellant,

    -vs-

JOHN D. FISHER,

                    Respondent and Respondent.

---

Appeal from:  District Court of the Eleventh Judicial District
              Honorable LeRoy L. McKinnon, Judge presiding

Counsel of Record:

    For Appellant:

        H. James Oleson argued, Kalispell, Montana

    For Respondent:

        William A. Douglas argued, Libby, Montana

---

                              Submitted:  August 30, 1976

                               Decided:  Oct. 5, 1976

Filed: OCT - 5 1976

Thomas J. Kearney
                              Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This is an appeal by petitioner Dallas D. Erickson, from an adverse judgment entered following a trial before the court without a jury in Lincoln County, Montana.

From the record it appears that on March 14, 1975, appellant, then employed as a deputy sheriff of Lincoln County, was given a written order from the respondent, then sheriff of Lincoln County. The order was concerned with the establishment of a centralized filing system, and directed the appellant:

> "Any criminal files or cases that you are presently working, or involved with, shall be immediately turned over to Officer Michael McMeekin of the Investigation Division."

Appellant did not turn in certain files containing unsolved cases and cases scheduled for trial. On April 21, 1975, respondent gave written notice to appellant of his termination specifying "that under section 16-3705, R.C.M. 1947, you have wilfully disobeyed an order given by me to you", alleging the above stated circumstances. Appellant filed a timely petition for reinstatement, which was denied by the district court.

Two issues are presented by this appeal:

(1) Did appellant's action constitute legal cause for his termination?

(2) Are the findings of fact incomplete because the district court failed to include, as a finding of fact, that appellant relied on Undersheriff Shaw's interpretation of the written order?

First, the legislature has set forth the reasons for, and the procedure involved in, termination of a deputy by a sheriff. Section 16-3705, R.C.M. 1947, states:

> "(5) Any deputy sheriff now employed or that may hereafter be employed shall continue in service until relieved of his employment in the manner hereinafter provided and only for one or more of the following causes:

- 2 -

" * * *

"(b) willful disobedience of an order or orders given by the sheriff * * *".   (Emphasis added.)

Appellant cites a number of cases for the proposition the sheriff must show more than a willful disobedience of an order to suffice as "cause".   However, the statutes construed by the cases cited merely state that an officer may be removed "for cause".   Such a vague phrase would require a specific showing of an adverse effect on the administration of the office and the rights and interests of the public.   Montana's legislature has gone one step further using the phrase " * * * only for one or more of the following causes  * * *", followed by an enumeration of specific causes.   Thus, the legislature has specified what is required to be proven for termination.   Using these specific causes does not conflict with the general requirement for terminating a public officer, since these enumerated causes would necessarily hinder the administration of the office and impair the rights and interests of the public.   As in the instant case, a sheriff could not run an efficient office and adequately enforce the laws of this state, if deputy sheriffs did not adhere to his orders.   All that need be shown for the termination of a deputy sheriff is one of the causes enumerated by section 16-3705(5), R.C.M. 1947.

Appellant next alleges that his action was not "willful". We do not agree with the definition proposed by appellant, which he insists requires a malicious intent.   Section 19-103(15), R.C.M. 1947, states:

"The word 'willfully' when applied to the intent with which an act is done or omitted, implies simply a purpose or willingness to commit the act, or make the omission referred to.   It does not require any intent to violate law, or to injure another, or to acquire an advantage."

Appellant did have a willingness to retain those files not turned

- 3 -

over to Officer McMeekin, even though no malicious motive may have been behind such action. As such, his action was willful.

Appellant's last attack on the cause of his termination is that the order given was ambiguous and his reliance upon Undersheriff Shaw's interpretation constituted a justifiable excuse. We do not agree for a number of reasons. The order directed appellant to turn over all files he was "presently working on or involved with". Some of the files not turned in were cases scheduled for trial. Certainly appellant was "involved" with these cases, since they would require his testimony. Furthermore, appellant was aware that the purpose behind the order was to create a central filing system, which purpose would be defeated if each deputy retained files in his possession. Another interesting point is that all deputies, with the exception of appellant, had turned in all files in their possession to Officer McMeekin as ordered. We cannot ignore the fact this was a small office in terms of personnel and not a gigantic corporate enterprise. Appellant had daily access to respondent and could have easily cleared up any doubts he had concerning the order by directing them to respondent. In light of these factors we agree with the district court that the order was wilfully disobeyed without justifiable excuse.

Appellant's second issue questions the sufficiency of the findings of fact rendered by the district court. Certain rules of construction regarding findings of fact are set forth in Ballenger v. Tillman, 133 Mont. 369, 378, 379, 324 P.2d 1045:

> "'Ultimate facts as distinguished from eviden-
> tiary ones, are the findings a trial court
> should make.'
>
> "' * * *
>
> "'It is an established rule of law that the
> findings of fact are to receive such a con-
> struction as will uphold rather than defeat the

- 4 -

judgment thereon.'

" * * *

"If the findings are in exact accord with issues
framed by the pleadings and every ultimate
fact is covered that is all that is required."

In finding of fact No. 5 the district court states an ultimate
fact that appellant "failed to turn in the files as ordered."
The proposed finding of fact offered by appellant, namely that
he relied on Undersheriff Shaw's interpretation, is merely an
evidentiary fact related to whether or not he obeyed the order.
As such, the proposed finding of fact is not required to be
included in the district court's findings.

As this Court stated in Montana Mobile Home Tourist
Court, Inc. v. Finley, 163 Mont. 7, 514 P.2d 762, the findings
of fact and conclusions of law are to be considered in toto,
and viewed in that light they support the judgment of the dis-
trict court.  The judgment is affirmed.

_____
                                Chief Justice

We concur:

_____

_____

_____
Justices

- 5 -