No. 98-379

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 137N

TACKE FINANCIAL CORP.,

Plaintiff and Appellant,

v.

WILLIAM AND DOROTHY STONER,

Defendants and Respondents.

APPEAL FROM: District Court of the Twentieth Judicial District,

In and for the County of Lake,

The Honorable Ted Lympus, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

James A. Manley, Attorney at Law; Polson, Montana

Mark Higgins, Ugrin, Alexander, Zadick & Higgins; Great Falls, Montana

For Respondents:

Keith McCurdy, McCurdy Law Firm; Polson, Montana

Submitted on Briefs: January 28, 1999

Decided: June 14, 1999

Filed:

_____

Clerk

Justice Jim Regnier delivered the opinion of the Court.

**¶1. Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.**

**¶2. Tacke Financial Corp., a Montana corporation, filed a complaint on July 2, 1993, in the Twentieth Judicial District Court, Lake County, against adjacent property owners William and Dorothy Stoner to quiet title to its property on Flathead Lake and to seek money damages. In a counterclaim, the Stoners asserted a right to a prescriptive easement over the road that crosses Tacke's property, known as Tarr's Lane, and sought damages for destruction to their lake shore. On October 3, 1997, the Stoners filed an ex parte motion for a temporary restraining order and a preliminary injunction to enjoin Tacke's successor-in-interest, Carolyn Cole, from employing unlocked gates across Tarr's Lane at her property boundaries. The District Court issued the temporary restraining order and directed Cole to appear on a specific date to show cause why a preliminary injunction should not be granted. Prior to the date set for hearing on the preliminary injunction, the Stoners filed a motion for partial summary judgment, asking the court to declare as a matter of law their entitlement to a prescriptive easement.**

**¶3. On May 22, 1998, the District Court entered an order granting partial summary judgment in favor of the Stoners. The order included a paragraph enjoining Cole from interfering with the Stoners' "unfettered and unobstructed use of the right-of-way," which seemingly prohibited Cole from using the gates. Cole appeals the injunctive part of the District Court's order. We vacate the District Court's injunction and remand to the District Court for further proceedings consistent with this opinion.**

**¶4. On appeal, Cole presents the following issues:**

**¶5. 1. Did the District Court's order granting injunctive relief comply with Rule 52 (a), M.R.Civ.P., and § 27-19-105, MCA?**

¶6. **2. Did the District Court err when it granted an injunction so broad in scope that it prohibits Cole from the reasonable and beneficial use of her property?**

¶7. **Since we vacate the injunction based on the first issue, there is no need to address the second issue.**

FACTUAL BACKGROUND

¶8. **Tacke Financial Corp. owned land, including lake shore, located at Finley Point on Flathead Lake. Carolyn Cole, formerly known as Carolyn Tacke, became the successor-in-interest of Tacke Financial Corp. in said property.**

¶9. **Bisecting the property is an unimproved dirt road, known as Tarr's Lane. Apparently, Tarr's Lane traces at least seven properties and bisects at least five of them. The Stoners, whose property is at the end of Tarr's Lane and adjacent to the Tacke property, use Tarr's Lane as means of ingress and egress to their property.**

¶10. **In 1993, Tacke Financial Corp. initiated this action against the Stoners to quiet title to its property and to seek damages. In a counterclaim, the Stoners claimed a prescriptive easement to their use of Tarr's Lane and asserted that Tacke damaged their lake shore. In September 1997, while the lawsuit was pending, Cole decided to fence her property and placed unlocked gates across Tarr's Lane at her property boundaries. She contends that the fence and gates were necessary in light of her property's value, her plans to build a house, her desire to keep horses on the property, and the fact that she often is away when she travels overseas as a flight attendant. In addition, certain personal property was missing from the property during the summer of 1997. Cole contends that the fence and gates were the only way she could restrict third parties who had no right to access her property.**

¶11. **In order to provide Stoners continued access to their property, Cole kept the gates unlocked, made them light weight, easy to open, and twenty-feet wide, as opposed to the twelve-foot wide gate the Stoners erected on their property. Nonetheless, the Stoners were disturbed by the gates. Mr. Stoner removed the gates and placed them on the side of the road. The Stoners contend that the gates pose a nuisance and an unwarranted impediment to their passage on Tarr's Lane because they will slow down emergency vehicles and will interfere with the Stoners' maintenance of the road and plowing. Stoners, who are elderly, testified that no one**

has ever attempted to gate the road during the thirty years the Stoners have lived there.

¶12. On October 3, 1997, the Stoners filed an ex parte motion for a temporary restraining order and a preliminary injunction to prohibit Cole's use of the gates. The District Court issued a temporary restraining order against Cole on October 3, 1997, and directed her to appear on October 17, 1997, to show cause why a preliminary injunction should not be granted. On October 16, 1997, the Stoners moved for partial summary judgment on their prescriptive easement claim. On October 17, 1997, Cole filed a motion to quash and vacate the temporary restraining order and opposing the Stoners' motion for a preliminary injunction.

¶13. The show cause hearing regarding the issuance for a preliminary injunction proceeded as scheduled on October 17, 1997, and the court took the matter under advisement. On May 22, 1998, the court granted partial summary judgment in favor of the Stoners. Included in the summary judgment order was a paragraph that enjoined Cole "from in any way and in any manner interfering with Defendants' unfettered and unobstructed use of the[ir] right-of-way." The District Court concluded that the Stoners' use of Tarr's Lane through Cole's property was continuous, open, notorious, exclusive, adverse, and uninterrupted for twenty-nine years, and that the public's use of the road was continuous, open, notorious, exclusive, adverse, and uninterrupted for approximately fifty years.

¶14. Cole appeals the injunctive part of the District Court's order, particularly as it relates to her use of the gates.

## STANDARD OF REVIEW

¶15. Granting a preliminary injunction is within a district court's discretion, and we will not interfere unless a manifest abuse of discretion is shown. *See M.H. v. Montana High School Ass'n* (1996), 280 Mont. 123, 130, 929 P.2d 239, 243. Where, however, the granting of an injunction is based on a conclusion of law, no discretion is involved and we review the district court's conclusion of law to determine whether its interpretation of the law is correct. *See M.H.*, 280 Mont. at 130, 929 P.2d at 243; *J.M., Jr. v. Montana High School Ass'n* (1994), 265 Mont. 230, 235, 875 P.2d 1026, 1030.

## ISSUE 1

**¶16. Did the District Court's order granting injunctive relief comply with Rule 52(a), M.R.Civ.P., and § 27-19-105, MCA?**

**¶17. Cole draws our attention to the first part of Rule 52(a), M.R.Civ.P., which states:**

In all actions tried upon the facts without a jury or with an advisory jury, the court <u>shall find the facts specially and state separately its conclusions of law</u> thereon, and judgment shall be entered pursuant to Rule 58; and in granting or refusing interlocutory injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action. Requests for findings are not necessary for purposes of review.

(Emphasis added.) Cole contends that the District Court's injunctive relief, by its nature, is an interlocutory injunction. Therefore, Rule 52(a), M.R.Civ.P., requires the District Court to separately and specially state its findings of facts, which it failed to do.

**¶18. The Stoners argue that the District Court enjoined Cole's activities, not as injunctive relief, but as a necessary result of the summary judgment, pursuant to Rule 56, M.R.Civ.P. Therefore, the Stoners believe that the second part of Rule 52(a), M.R.Civ.P., should apply. This reads:**

[A]ny order of the court granting a motion under Rules 12 or 56 which is appealable to an appellate court <u>shall specify the grounds therefor with sufficient particularity</u> as to apprise the parties and the appellate court of the rationale underlying the ruling and this may be done in the body of the order or in an attached opinion.

(Emphasis added.) Hence, the Stoners contend that the District Court was required simply to specify the grounds for its decision with sufficient particularity, which it did.

**¶19. In this instance, the injunctive relief was included in a paragraph of the District Court's order granting the Stoners partial summary judgment on their counterclaim for a prescriptive easement. The order granting partial summary judgment on the prescriptive easement is not appealable as a final order. Both parties still have damage claims to adjudicate against each other. The only aspect of the order appealable at this stage of the proceedings is the paragraph which provides**

injunctive relief. **A brief chronology of the procedural history is instructive.**

**¶20. On October 3, 1997, the District Court issued a temporary restraining order, citation, and order to show cause. The order directed Cole to appear on October 17, 1997, and show cause:**

[W]hy the Defendants should not be granted a <u>preliminary injunction</u> pending trial of this matter enjoining the Plaintiffs from encumbering in any other wise restricting the free and unfettered access of the Defendants over and along the road.

(Emphasis added.) The hearing took place as scheduled and the motion was taken under advisement. On October 16, 1997, the day before the hearing, the Stoners filed their motion for partial summary judgment which related only to the issue of the prescriptive easement. No hearing was held on the summary judgment motion since the parties stipulated to submission upon briefs. The District Court issued its order on May 22, 1998. The first three paragraphs relate to the prescriptive easement issue. Paragraph 4, at issue on appeal, relates solely to the preliminary injunction motion. In fact, the paragraph adopts the precise language used by the Stoners in their motion for a preliminary injunction. In this context, we agree with Cole that the injunctive relief granted was in response to the Stoners' motion for preliminary injunction and, therefore, is more properly characterized as a preliminary injunction rather than a summary judgment order.

**¶21. We also agree with Cole that the District Court's preliminary injunction is necessarily an interlocutory injunction. We have previously stated that when the District Court issues a preliminary injunction that is not a final adjudication because the injunction is entered to protect the subject of the controversy until a final determination can be made, the preliminary injunction is used as an interlocutory procedural device.** *See Stark v. Borner* **(1987), 226 Mont. 356, 361, 735 P.2d 314, 317. As previously stated, the injunctive relief in this case was included in an order granting partial summary judgment which was not final for purposes of appeal. Since we do not consider the District Court's preliminary injunction to be a final adjudication, we deem it to be an interlocutory injunction.**

**¶22. Thus, Rule 52(a), M.R.Civ.P., requires the District Court to separately and specially state its findings of fact in support of the injunction. The following is the District Court's only applicable language to this extent:**

[A]ppearing to the Court from uncontested facts that the Defendants' use of Tarr's Lane has been continuous, open, notorious, exclusive, adverse and uninterrupted for 29 years; that the public's use of such road has been continuous, open, notorious, exclusive, adverse and uninterrupted for approximately 50 years last past . . . .

We conclude that this language falls short of stating the District Court's findings of fact to sufficiently support the District Court's broad injunction that enjoins Cole "from in any way and in any manner interfering with Defendants' unfettered and unobstructed use of the right-of-way."

**¶23. Without more detailed findings of fact and conclusions of law, it is difficult to ascertain the facts upon which the District Court relied or the legal basis on which it issued the injunction.** *See Traders State Bank of Poplar v. Mann* **(1993), 258 Mont. 226, 245, 852 P.2d 604, 615-16. In** *Lake v. Lake County* **(1988), 233 Mont. 126, 759 P.2d 161, we declared that:**

Pursuant to Rule 52(a), M.R.Civ.P., orders granting or refusing interlocutory injunctions shall be accompanied by findings of fact and conclusions of law. However, the extent of such findings and conclusions is necessarily dependent on the facts and circumstances of each case. Consequently, the litmus test in such cases is whether the District Court's order sets forth its reasoning in a manner sufficient to allow informed appellate review.

*Lake*, 233 Mont. at 134, 759 P.2d at 165 (citing *Ensley v. Murphy* (1983), 202 Mont. 406, 658 P.2d 418).

**¶24. We arrive at a similar conclusion when we address the Stoners' argument that the District Court was required only to specify the grounds for its decision with sufficient particularity under the second part of Rule 52(a), M.R.Civ.P. In the short paragraph included in the order granting summary judgment, there is no analysis to support the conclusion that Cole should be enjoined from "in any way and in any manner" interfering with the Stoners' "unfettered and unobstructed use" of Tarr's Lane.**

**¶25. The Stoners cite previous decisions of this Court to support their argument that**

general findings are sufficient so long as they contain the ultimate facts. *See, e.g., Farmers State Bank v. Mobile Homes Unlimited* (1979), 181 Mont. 342, 593 P.2d 734; *Hooloway v. University of Montana* (1978), 178 Mont. 198, 582 P.2d 1265; *Erickson v. Fisher* (1976), 170 Mont. 491, 554 P.2d 1336. The Stoners essentially maintain that the District Court's declaration of a prescriptive easement is an ultimate fact that can sustain the District Court's broad grant of injunctive relief. However, upon our review, the District Court's determination that the Stoners' use of Tarr's Lane has been continuous, open, notorious, exclusive, adverse, and uninterrupted for twenty-nine years and that the Stoners have a right to a prescriptive easement over Tarr's Lane does not necessarily give rise to an inescapable conclusion that Cole should be enjoined from using her gates.

¶26. Finally, we agree with Cole that the short paragraph granting injunctive relief also does not sufficiently comply with § 27-19-105, MCA, which states:

An order granting an injunction or a restraining order shall:

(1) set forth the reasons for its issuance;

(2) be specific in its terms;

(3) describe in reasonable detail, and not by reference to the complaint or any other document, the act or acts sought to be restrained; and

(4) be binding only upon the parties to the action; their officers, agents, employees, and attorneys; and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.

The short paragraph granting injunctive relief does not set forth any reasons for the issuance of the injunction.

¶27. In summary, we conclude that District Court's the order granting injunctive relief is in the nature of an interlocutory injunction and does not sufficiently comply with Rule 52(a), M.R.Civ.P., and § 27-19-105, MCA. Therefore, the injunction is vacated and this matter is remanded for further proceedings consistent with this opinion.

/S/ JIM REGNIER

We Concur:

/S/ WILLIAM E. HUNT, SR.

/S/ JAMES C. NELSON

/S/ KARLA M. GRAY

/S/ TERRY N. TRIEWEILER