FILED

December 15 2009

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 09-0218

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 424N

BLAKE SARGENT BLATTER,

　　　　Plaintiff and Appellee,

v.

PARK COUNTY SHERIFF'S OFFICE,

　　　　Defendant and Appellant.

APPEAL FROM:　　District Court of the Sixth Judicial District,
In and For the County of Park, Cause No. DV 07-91
Honorable Wm. Nels Swandal, Presiding Judge

COUNSEL OF RECORD:

　　　　For Appellant:

　　　　　　Todd A. Stubbs; Moore, O'Connell & Refling, P.C.,
Bozeman, Montana

　　　　For Appellee:

　　　　　　Jami Rebsom, Karl Knuchel, P.C.; Livingston, Montana

　　　　　　　　Submitted on Briefs:　November 18, 2009

　　　　　　　　　　Decided:　December 15, 2009

Filed:

　　　　_____
　　　　　　　　　　Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Park County appeals from the judgment entered upon a January, 2009, jury verdict in favor of Blatter. We affirm.

¶3 The Park County Sheriff terminated Blatter's employment as a Deputy Sheriff, pursuant to § 7-32-2107, MCA, which specifies the only causes for which a deputy sheriff may be fired.[1] The Sheriff contended that Blatter willfully disobeyed orders and that he demonstrated gross inefficiency in the performance of his official duties. The situation that led to Blatter's termination arose from the detritus of a failed romance between two Park County Detention Officers, and the Sheriff's attempt to identify the source of a rumor about that relationship. The Sheriff contended that Blatter's termination was justified because he had spread the rumor about an incident related to the relationship, contrary to a "no rumor" order, and that he refused to disclose the source of the rumor.

---

[1] Those causes include conviction of a felony, willful disobedience of an order given by the sheriff, drinking on duty, sleeping on duty, incapacity, and gross inefficiency.

2

¶4 Blatter appealed his termination to the District Court as allowed by § 7-32-2109, MCA. After a trial, the jury found that the termination was not "justified and proper" under § 7-32-2107, MCA; that Blatter was entitled to damages of $95,997.40; and that Blatter was entitled to reinstatement as a deputy as provided in § 7-32-2110, MCA.

¶5 Park County contends on appeal that the District Court misapplied § 7-32-2107, MCA, resulting in admission of "a plethora of prejudicial and irrelevant testimony" that caused the jury to wrongfully return a verdict for Blatter. Park County argues that the Sheriff's Department is a "paramilitary operation" and that under § 7-32-2107, MCA, there is "zero tolerance" for any deputy who commits any of the infractions listed therein. The County further argues that in litigation involving a deputy's termination under § 7-32-2107, MCA, the deputy may not introduce evidence to show that there were other non-statutory reasons for the termination.

¶6 The District Court, in denying the County's pre-trial motion in limine, held that Blatter should be allowed to present relevant evidence to the jury in an attempt to show that the statutory reasons for termination were false or a pretext. The District Court concluded that Blatter should not "be prohibited from presenting evidence that the actual reason for his termination was other than that stated in the termination letter."

¶7 The County relies upon *Erickson v. Fisher*, 170 Mont. 491, 554 P.2d 1336 (1976), in support of its argument that evidence at the trial should have been strictly limited to the statutory causes for termination listed in § 7-32-2107, MCA. *Erickson* deals with the evidence necessary to support a sheriff's justification of a termination for cause under the statute. It does not, however, expressly limit the evidence that can be submitted by the

3

terminated deputy in an appeal of the termination. To the contrary, *Erickson* held that the deputy's evidence of his reasons for disobeying the sheriff's order in that case was "an evidentiary fact related to whether or not he obeyed the order." *Erickson*, 170 Mont. at 495, 554 P.2d at 1338. Neither *Erickson* nor § 7-32-2107, MCA, preclude the deputy from introducing evidence that the termination was not justified because there were ulterior reasons, outside of the statutory grounds, for the termination.

¶8 In addition, Park County does not specify exactly what evidence was wrongfully admitted and considered by the jury. Blatter describes in his brief the evidence and testimony that was admitted in support of his ulterior motive case, without objection from the County. We decline to guess at the specific evidence the County objects to.

¶9 The County also argues that it was entitled to a new trial because of misconduct of the District Court during the trial. The County broadly contends that the District Court "made gestures" during the trial conveying a "demeanor throughout the trial [that] was anti-government." The County further contends that the District Court showed prejudice to the jury by "continual cross examination of Park County's key witnesses which telegraphed a message to the jury" that the District Court favored Blatter.

¶10 The County provides little in the way of factual detail to support these contentions, citing three instances where the District Court questioned witnesses. We find no error in the District Court's few questions asked to three witnesses out of about 25 called during a four-day trial. The County does not even attempt to describe the "gestures" that conveyed an "anti-government" demeanor.

4

¶11 More importantly the County never objected to any of this—the questions or the gestures and demeanor—during the trial itself. The County responds that it could not object to the court's conduct in front of the jury, but also that it could not even object in chambers because of the "anti-government" atmosphere. This is no justification for the failure to lodge a single objection. We will not consider this issue when there was no contemporaneous objection of any kind from the County and nothing appears on the face of the record. *McDermott v. Carie*, 2005 MT 293, ¶¶ 14-15, 329 Mont. 295, 124 P.3d 168.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. The issues are clearly controlled by settled Montana law

¶13 Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE
/S/ BRIAN MORRIS