No. 81-313

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

SLITERS, a Montana Corporation,

Plaintiff,

vs.

WILLIAM E. LEE,

Defendant, Third Party
Plaintiff, and Appellant,

vs.

PAUL ROSS,

Third Party Defendant and
Respondent.

---

Appeal from: District Court of the Eleventh Judicial District,
In and for the County of Flathead
Honorable James M. Salansky, Judge presiding.

Counsel of Record:

For Appellant:

Patrick M. Springer, Kalispell, Montana

For Respondent:

Astle and Astle, Kalispell, Montana
Thomas Hoover, Big Fork, Montana

---

Submitted on briefs: November 18, 1981

Decided: MAR 2 1982

Filed: MAR 2 - 1982

Thomas J. Kearney
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

In an action on a third party complaint by the maker of a promissory note against the assignor, the District Court of Flathead County awarded judgment to the assignor including attorney fees for a successful defense. The maker appeals. We reverse the award of attorney fees.

On November 3, 1976, William Lee executed and delivered a promissory note to Paul Ross in the principal sum of $2,906.00. The note provided that reasonable attorney fees incurred in the collection of the note would be paid by Lee.

Ross later assigned the note for valuable consideration to Sliter's, a Montana Corporation. When Lee refused to pay the note when due, Sliter's sued Lee. Lee filed a third party complaint against Ross alleging fraudulent inducement for the note, wrongful assignment of the note, and lack of consideration.

Following a bench trial, the District Court awarded judgment including attorney fees to Sliter's against Lee. On the third party complaint, the District Court awarded judgment to the third party defendant Ross including attorney fees. Third party plaintiff Lee appeals from the award of attorney fees to third party defendant Ross.

The sole issue on appeal is the award of attorney fees in the third party action.

The maker Lee contends the award was improper because there is neither contract nor statute authorizing the award. The original payee and assignor Ross contends attorney fees are recoverable under Montana's reciprocity statute which provides in pertinent part:

> "Whenever, by virtue of the provisions of any
> contract . . . one party . . . has an express
> right to recover attorney fees from any other
> party to the contract . . . in the event the party
> having that right shall bring an action upon the
> contract . . . all parties to the contract . . .
> shall be deemed to have the same right to recover
> attorney fees and the prevailing party in any such
> action, whether by virtue of the express contrac-

- 2 -

tual right or by virtue of this section, shall be entitled to recover his reasonable attorney fees from the losing party . . ." Section 28-3-704, MCA.

This statute provides mutuality of obligation and remedy between the parties to a promissory note expressly providing for attorney fees. In our view, this statute is irrelevant to the right of Ross to an award of attorney fees for successfully defending against Lee's third party action. Ross's right to attorney fees was not derived by virtue of any reciprocal right under the statute. Lee was the maker of the note and was granted no right to attorney fees thereunder. As payee of the note, Ross was the only party granted any right to attorney fees, under the provisions of the note.

Thus Ross's right to attorney fees must stand or fall upon the provisions of the note. Ross assigned all his right, title and interest in the note to Sliter's leaving him no remaining contractual right to attorney fees under the provisions of the note. Moreover, Lee's third party complaint against Ross alleged fraudulent inducement for the note, wrongful assignment, lack of consideration and sought to require Ross to pay Sliter's the amount owing on the note together with damages and attorney fees. It was not an action for collection of the note for which attorney fees were expressly provided. Thus Ross was not entitled to an award of attorney fees under the provisions of the note.

The general rule in Montana is that in the absence of statute or contract, attorney fees are not recoverable. Joseph Russell Rlty. Co. v. Kenneally (1980), ____Mont.____, 605 P.2d 1107, 37 St.Rep. 57, and cases cited therein; Town Pump, Inc. v. Diteman (1981), ____ Mont.____, 622 P.2d 212, 38 St.Rep. 54. Here there is neither contract nor statute authorizing an award of attorney fees.

The award of attorney fees to Ross is reversed and ordered stricken from the judgment.

_Frank I. Haswell_
Chief Justice

We concur:

_Gene B. Daly_
_Daniel J. Shea_
_Frank B. Morrison_
_John C. Sheehy_
Justices