No. 89-124

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

JAMES HAUGEN,

Plaintiff and Respondent,

-vs-

RICHARD W. NELSON and JOAN A. NELSON,
husband and wife,

Defendants and Appellants.

APPEAL FROM: District Court of the Seventh Judicial District,
In and for the County of Richland
The Honorable H. R. Obert, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Phillip N. Carter, Koch & Carter, Sidney, Montana

For Respondent:

Peter O. Maltese, Sidney, Montana

Submitted on Briefs: August 24, 1989

Decided: November 21, 1989

Filed:

_____
Clerk

Justice John C. Sheehy delivered the Opinion of the Court.

On July 28, 1988, the defendants filed a motion for attorney fees in the District Court, Seventh Judicial District, Richland County. The District Court denied defendants' motion for attorney fees. The defendants appealed the District Court order. We affirm.

The sole issue on appeal is:

Did the District Court err in refusing to award to defendants their reasonable attorney fees incurred in defending the plaintiff's claim made against them.

The plaintiff, James Haugen (Haugen), initiated this suit in District Court to obtain a money judgment based on a promissory note against the defendants Richard W. and Joan A. Nelson (the Nelsons). Defendants in their answer claimed a set-off against Haugen and asserted a counterclaim contending they were entitled to reimbursement for certain partnership debts and expenses.

Both parties asserted claims for attorney fees in their pleadings. The parties' claims for attorney fees were based on the following paragraph in the promissory note:

> . . . In case suit or action is instituted to collect this note, or any portion thereof, we promise to pay such additional sums that the court may adjudge reasonable as attorney fees in suit or action.

On May 19, 1988, the trial was commenced in District Court. Following the trial, the Nelsons' attorney made his motion for dismissal of Haugen's case under Rule 41(b), M.R.Civ.P. On June 1, 1988, the District Court entered its findings of fact, conclusions of law and order in this action. The order dismissed Haugen's complaint and the counterclaim of the Nelsons. The District Court made no

mention of the Nelsons claim for attorney fees incurred in connection with Haugen's claim.

The Clerk of the District Court mailed notice of entry of judgment to counsel for both parties on June 2, 1988. Subsequently, Haugen submitted a motion for a new trial or amendment of the order. The District Court denied this motion on July 6, 1988. Before the denial, however, the Nelsons' attorney, on June 14, 1988, mailed his notice of entry of judgment, with attached copy of the District Court's June 1, 1988 order to Haugen's attorney.

On July 28, 1988, nearly six weeks after mailing notice of entry of judgment, the Nelsons filed their motion for attorney fees. On August 4, 1988, before the motion for attorney fees could be heard, Haugen filed his notice of appeal. Haugen failed to follow through on his appeal, and on December 12, 1988, Haugen filed his own motion to dismiss his notice of appeal.

Finally, on January 3, 1989, the District Court heard the Nelsons' motion for attorney fees. The District Court denied the Nelsons' motions stating the following reason:

> The defendants' motion for attorneys fees, filed on July 28, 1988 is denied for the reasons that it was not filed within 10 days after service of the notice of entry of judgment which was June 14, 1988. This was required by rule 59(g), M.R.Civ.P.
>
> Further, the Court had every intention of dismissing ALL CLAIMS OF ALL PARTIES in its order of June 1, 1988; this in the interest of justice.

Did the District Court err in refusing to award to defendants their reasonable attorney fees incurred in defending against the plaintiff's claim made against them?

The general rule regarding the award of attorney fees provides that attorney fees are awardable only where a statute or contract provides for the recovery. Northwestern

Nat. Bank v. Weaver-Maxwell (1986), 224 Mont. 33, 44, 729 P.2d 1258, 1264; Sliters v. Lee (1982), 197 Mont. 182, 183-184, 641 P.2d 475, 476. The parties' promissory note agreement provided for reasonable attorney fees in actions for its enforcement. Section 28-3-704, MCA, makes the right to attorney fees reciprocal.

The defendants argue, § 28-3-704, MCA, and this Court's holdings in Northwestern Nat. Bank and Sliters dictate that the District Court award them attorney fees as the prevailing party.

However, the District Court denied the defendants' attorney fees for the reason that the defendants failed to comply with Rule 59(g), M.R.Civ.P., as follows:

> A motion to alter or amend the judgment shall be served no later than 10 days after the service of notice of entry of the judgment and may be combined with a motion for a new trial herein provided.. . .

Rule 54(a), M.R.Civ.P. defines judgment as "the final determination of the rights of the parties in an action or proceeding and as used in these rules includes a decree and any order from which an appeal lies . . ."

In its order dated June 1, 1989, the District Court dismissed Haugen's complaint and the Nelsons counterclaim. The District Court did not award attorney fees to either party. The Nelsons argue that the District Court's order of June 1, 1989 is interlocutory because it does not expressly award or deny attorney fees. We find no merit with this assertion. Under Rule 54(a), M.R.Civ.P., the court's order was a final determination of the rights of the parties, and thus a judgment. Even the Nelsons themselves deemed the District Court's order a final judgment by virtue of the fact that their attorney filed notice of entry of judgment on June 14, 1988 with the District Court. The word "judgment" is

- 4 -

blazed across the caption of the instrument filed by the Nelsons.

The Nelsons' efforts for relief from judgment came in the form of a motion for attorney fees which they filed 45 days after service of notice of entry of judgment. This Court in In re Marriage of McDonald (1979), 183 Mont. 312, 599 P.2d 356, 358, held Rule 59(g), M.R.Civ.P. applies to motions for attorney fees. In denying the petitioners' request for attorney fees, this Court in McDonald stated the following:

> Rule 59(g), Mont.R.Civ.P. provides: "A motion to alter or amend the judgment shall be served no later than 10 days after the service of the notice of the entry of judgment . . . " This rule applies to petitions for costs and attorney fees filed after entry of judgment. (Citations omitted.) Proper application of the rules clearly prohibit granting of the request for relief to the mother in this case.

> Notice of entry of the District Court order required both parties to bear their own costs and attorney fees which was served on the father on December 30, 1977. Having failed to file the petition for costs and attorney fees within ten days of service, the District Court was without jurisdiction to give the mother the requested relief.

Since the Nelsons failed to file the motion 10 days after the service of the notice of the entry of judgment, their motion was untimely and the District Court was without jurisdiction to grant attorney fees.

Next, the Nelsons argue that they have been deprived of due process. The Nelsons contend that they were given no opportunity to present evidence as to attorney fees at the time of the hearing. The Nelsons and their attorney had ample opportunity to present evidence at the hearing regarding attorney fees. The Nelsons were given the

- 5 -

opportunity to testify to attorney fees, but chose not to partake in the trial which led to the June 1, 1988 order of the District Court. The Nelsons failed to attend the trial. We find no deprivation of defendants' due process in this case.

Furthermore, after reviewing the record, we find attorney fees are not appropriate due to the excessive dilatory tactics of both parties. Haugen's attorney filed his complaint on June 8, 1982, and served defendant on July 27, 1982. Then Haugen's attorney simply slept on his claim. Finally, after receiving two notices from the Clerk of the District Court, Haugen, on January 9, 1987, filed a motion for scheduling. The District Court set the trial for October 20, 1987, but the trial was further delayed by Haugen's attorney's repeated continuances until May 19, 1988. Justice should be administered economically, efficiently, and expeditiously. Baruch v. Giblin (Fla. 1935), 164 So. 831, 833. A seven year delay, due solely to attorneys, is a far cry from the proper administration of justice.

The Nelsons also played a role in prolonging the administration of justice in this case. The Nelsons, like Haugen, failed to pursue any action in this case until 1987. When the case finally came to trial on May 19, 1988, the Nelsons failed to attend the trial or offer any testimony on their behalf. The record here is one of both attorneys bickering among themselves at every level of this action. The evidence in the record supports the District Court's denial of any motion for attorney fees.

The Nelsons' motion for attorney fees constituted a motion to amend a judgment. The defendants failed to file a timely motion under Rule 59(g), M.R.Civ.P. and therefore the District Court properly denied their motion for attorney fees. Furthermore, we find attorney fees are not appropriate

in view of the excessive dilatory tactics by both parties.
We affirm the District Court's holding.

_____
                Justice

We Concur:

_____
          Chief Justice

_____

_____

_____
             Justices

- 7 -