JUSTICE TRIEWEILER
delivered the Opinion of the Court.
Appellant William G. Shull, d/b/a Gamo, filed a complaint on April 19, 1988, in the District Court for the Eighth Judicial District in Cascade County against First Interstate Bank of Great Falls, Zycom, Inc., Capital Development Company, North Central Gaming Company, and Thomas C. Habets. In his complaint, Shull alleged breach of contract, bad faith, negligence, tortious interference with contract, *34 and breach of fiduciary duty. On June 7, 1993, after a trial, the jury found that First Interstate Bank breached its lease agreement with Shull. The District Court ordered First Interstate Bank to pay Shull contract damages, attorney fees, and costs. The jury found that Zycom did not breach the contract, and the District Court ordered Shull to pay Zycom’s attorney fees and costs. Shull appeals that part of the District Court’s order which awarded attorney fees and costs to Zycom. We reverse that part of the District Court’s order.
Cross-appellant Thomas Habets requested that the District Court set aside or amend its judgment and impose Rule 11, M.R.Civ.P., sanctions against Shull and his attorneys. The District Court denied this motion. We affirm the District Court’s denial of sanctions.
The following issues are raised on appeal:
1. Did the District Court err when it awarded attorney fees and costs to Zycom?
2. Did the District Court err when it denied Habets’ motion for an award of sanctions against'Shull and his attorneys pursuant to Rule 11, M.R.Civ.P.?
3. Should sanctions be imposed against Habets for filing a frivolous appeal?

FACTUAL BACKGROUND

William G. Shull leased space in the Great Falls Westgate Shopping Center from First Interstate Bank on September 28, 1984, for the operation of a video arcade, known as Gamo. The agreement provided for a three year lease with the option to renew for an additional three years. The agreement also gave Shull the exclusive right to operate a video arcade in Westgate.
After approximately three years, Shull expressed his intent to exercise the option to renew his lease. However, a new lease agreement was not provided; as a result, Shull stated in a letter to Westgate’s manager that he assumed that his old lease would remain in force until a new one was signed.
On December 29, 1987, First Interstate assigned the leases in Westgate to Zycom, Inc., a Washington corporation. Zycom then leased space to another video arcade. Shull was informed that his lease was a month-to-month tenancy, and in March 1988, he was notified that his tenancy was terminated.
On April 19,1988, Shull filed a complaint against First Interstate Bank, Zycom, Inc., Capital Development Company, North Central Gaming Company, and Thomas C. Habets. Shull asserted claims *35 based on breach of contract, bad faith, negligence, and tortious interference with contract against First Interstate. Shull asserted claims based on breach of contract, bad faith, and tortious interference with contract against Zycom and Capital Development Company (Zycom’s successor). Shull also asserted claims based on bad faith, tortious interference with contract, and breach of fiduciary duty against North Central Gaming Company (the company that owned and maintained Gamo’s video machines), and Thomas Habets, North Central Gaming Company’s owner. Shull also alleged that First Interstate, North Central Gaming Company, and Habets conspired to interfere with his contractual rights. He requested compensatory damages for loss of past, present, and future income and profits from Gamo, lost business opportunities, and the lost value of his exclusive right to a video arcade at Westgate. Shull also requested punitive damages, attorney fees, and costs.
Shull moved the District Court to conclude by partial summary judgment that he had validly exercised his option to renew his original lease. The defendants moved the District Court to conclude by summary judgment that the option had not been validly exercised. On February 21, 1991, the District Court granted Shull’s motion for partial summary judgment, and held that Shull had validly renewed his three year lease agreement with Zycom by the time that he was evicted. After trial, First Interstate was found by the jury to have breached that agreement. However, the jury found that Zycom had not breached the agreement.
Shull’s lease agreement provided that if Shull breached the agreement he would have to pay attorney fees and costs caused by his breach. Section 21, paragraph C, of Shull’s lease provides that:
In the event of any breach hereinunder by Tenant, Landlord may immediately or at any time thereafter, without notice, cure such breach for the account and at the expense of Tenant. If Landlord at any time, by reason of such breach, is compelled to pay, or elects to pay, any sum of money or do any act which will require the payment of any sums of money, or is compelled to incur any expense, including reasonable attorney’s fees, in instituting or prosecuting any action or proceeding to enforce Landlord’s rights hereunder, the sum or sums so paid by Landlord, with interest thereon at the rate of twelve percent (12%) per annum from the date of payment thereof, shall be deemed to be additional rent hereunder and shall be due from Tenant to Landlord on the first *36 day of the month following the payment of such respective sums or expenses.
Pursuant to § 28-3-704, MCA, the attorney fees provision is reciprocal; consequently, Shull had the same contract rights to attorney fees and costs that First Interstate had.
On September 16, 1993, pursuant to the jury’s verdict and post-trial motions, the District Court ordered that judgment be entered in favor of Shull and against First Interstate in the amount of $5818.75; and that Shull be awarded costs in the amount of $3144.84, and attorney fees in the amount of $21,044.16; however, the amount of attorney fees awarded to Shull was later reduced. It was also ordered that judgment be entered in favor of Habets and North Central Gaming Company. Shull was ordered to pay $40 in costs to both Habets and North Central Gaming Company. Finally, it was ordered that judgment be entered in favor of Zycom and Capital Development Company and against Shull, and that Shull pay costs in the amount of $479.75 and attorney fees in the amount of $14,413.50 to Zycom.
Shull was awarded attorney fees and costs pursuant to the reciprocity rule found at § 28-3-704, MCA. Zycom was awarded attorney fees and costs for unspecified reasons, but claims a right to that award as the “prevailing party” under the same rule.
On September 30, 1993, Habets filed a motion to set aside and amend the District Court judgment and requested that Rule 11 sanctions be imposed on Shull and his attorneys. The District Court denied Habets’ motion. Habets appeals only the denial of his motion for the imposition of sanctions.
Habets’ motion for sanctions is based on Shull’s bankruptcy proceeding. In 1985, Shull was unable to meet his financial obligations and was forced to file for Chapter 11 reorganizational bankruptcy. During that time, Habets supplied and serviced video games in Shull’s Westgate Mall video arcade.
Shull listed his assets with the bankruptcy court, including the Gamo video arcade, but did not list Gamo as a partnership. The affidavit of Shull’s attorney indicates that Shull’s bankruptcy reorganization was confirmed on April 8,1987.
Later, when filing this action, Shull’s attorney formed the opinion that Shull may have had a de facto partnership with Habets, and on that basis, filed his claim for breach of fiduciary duty. Habets asserts that sanctions should be imposed against Shull and his attorneys for arguing inconsistent positions in two separate cases. Shull’s attorneys argue that Shull did not even know that there was such a thing *37 as a de facto partnership when he filed for Chapter 11 reorganization, and that neither they nor Shull acted in bad faith. The District Court denied Habets’ motion for sanctions.

ISSUE 1

Did the District Court err when it awarded attorney fees and costs to Zycom?
The standard of review of a district court’s conclusions of law is whether the district court’s interpretation of the law was correct. In re Marriage of Barnard (1994), 264 Mont. 103, 106, 870 P.2d 91, 93, (citing In re Marriage of Burris (1993), 258 Mont. 265, 269, 852 P.2d 616, 619).
We have generally held that attorney fees cannot be recovered unless they are provided for by statute or contract. “[I]n the absence of a statutory or contractual provision, attorney fees are not recoverable.” Wyman v. DuBray Land Realty (1988), 231 Mont. 294, 297, 752 P.2d 196, 198 (citing Sliters v. Lee (1982), 197 Mont. 182, 184, 641 P.2d 475, 476). Zycom argues that it is entitled to attorney fees and costs as a prevailing party pursuant to § 28-3-704, MCA. However, as the assignee of First Interstate’s rights under the lease agreement, Zycom’s rights are those set forth in the agreement. Pursuant to the contract, First Interstate could only recover costs and fees in the event of Shull’s breach of the contract.
Section 21, Paragraph C, of Shull’s lease agreement with First Interstate provides in relevant part as follows:
In the event of any breach hereinunder by Tenant, Landlord may immediately ... cure such breach ... at the expense of Tenant. If Landlord at any time ... is compelled to pay, or elects to pay, any sum of money ... or is compelled to incur any expense, including reasonable attorney’s fees, in instituting or prosecuting any action or proceeding to enforce Landlord’s rights hereunder, the sum or sums so paid by Landlord ... shall be deemed to be additional rent hereunder and shall be due from Tenant to Landlord ....
The reciprocal attorney fee statute provides rights only to that party whose rights are not provided for in the contract. We have previously addressed this same issue in Sliters v. Lee (1982), 197 Mont. 182, 641 P.2d 475. In that case, Lee executed a promissory note in favor of Ross which provided that Ross was entitled to attorney fees, if incurred to enforce collection of the note. Ross later assigned his interest in the note to Sliters. Lee refused to pay the note when due, and Sliters sued him for collection. Lee filed a third-party *38 complaint against Ross alleging fraudulent inducement for the note, wrongful assignment of the note, and lack of consideration.
Sliters prevailed in its claim to recover for payment of the note, and Ross prevailed in his defense against Lee’s third-party complaint. Ross then successfully contended in the district court that he was entitled to an award of attorney fees under the same reciprocal attorney fee statute relied upon by Zycom in this case. The district court agreed; however, we reversed. We held that:
Ross’s right to attorney fees was not derived by virtue of any reciprocal right under the statute. Lee was the maker of the note and was granted no right to attorney fees thereunder. As payee of the note, Ross was the only party granted any right to attorney fees, under the provisions of the note.
Thus Ross’s right to attorney fees must stand or fall upon the provisions of the note. Ross assigned all his right, title and interest in the note to Sliter’s, leaving him no remaining contractual right to attorney fees under the provisions of the note. Moreover, Lee’s third party complaint against Ross alleged fraudulent inducement for the note, wrongful assignment, lack of consideration and sought to require Ross to pay Sliter’s the amount owing on the note together with damages and attorney fees. It was not an action for collection of the note for which attorney fees were expressly provided. Thus Ross was not entitled to an award of attorney fees under the provision of the note.
Sliters, 641 P.2d at 476 (emphasis added).
Likewise, in this case, Shull had no right to attorney fees under the lease agreement, and Zycom’s right to attorney fees could not be a reciprocal right under the statute. It had those rights provided for under the contract assigned to it by First Interstate. Therefore, Zycom was only entitled to attorney fees and costs if Shull breached the lease, and Zycom incurred attorney fees or costs to enforce the terms of the lease. Shull did not breach the lease, therefore, Zycom is not entitled to attorney fees or costs. We will not expand § 28-3-704, MCA, to allow attorney fees and costs to Zycom simply for prevailing on a contract claim, when the contract, by its plain language, limits the circumstances under which its attorney fees and costs are recoverable. For these reasons, the judgment of the District Court which awarded Zycom attorney fees and costs is reversed.

*39
ISSUE 2

Did the District Court err when it denied Habets’ motion for an award of sanctions against Shull and his attorneys pursuant to Rule 11, M.R.Civ.R?
We review a district court’s conclusions regarding Rule 11, M.R.Civ.R, sanctions for an abuse of discretion. Wise v. Sebena (1991), 248 Mont. 32, 38, 808 P.2d 494, 498 (citing D’Agostino v. Swanson (1990), 240 Mont. 435, 446, 784 P.2d 919, 926).
We have held that the Montana Rules of Civil Procedure allow sanctions to be imposed on two grounds: “(1) if a pleading is frivolous, i.e., not ‘well grounded in fact’ or ‘warranted by existing law ...’ or (2) if a pleading is ‘interposed for any improper purpose ....’ ” Wise, 808 P.2d at 498. We have also held that “[district courts have ‘wide latitude to determine whether the factual circumstances of a particular case amount to frivolous or abusive litigation tactics ....’ ” Wise, 808 P.2d at 498 (quoting D’Agostino, 784 P.2d at 926).
Habets claims that Shull and his attorneys knew, after reasonable inquiry, that there was no basis well grounded in fact or warranted by existing law to support their position that a partnership existed between Shull and Habets.
Shull and his attorneys respond that their claim that a de facto partnership existed was made in good faith and was well grounded in fact and existing law since it fit within the statutory definition of a partnership. Shull also points out that the District Court refused to grant Habets’ motion for summary judgment on the question of whether a partnership existed.
We conclude that the District Court did not abuse its discretion. The judgment of the District Court which denied Habets’ motion for sanctions is affirmed.

ISSUE 3

Should sanctions be imposed against Habets for filing a frivolous appeal?
We have held that “[w]here a reasonable ground for appeal exists no sanctions under Rule 32 [M.RApp.P.] will be imposed.” Searight v. Cimino (1988), 230 Mont. 96, 103-04, 748 P.2d 948, 952 (citing Erdman v. C & C Sales, Inc. (1978), 176 Mont. 177, 184, 577 P.2d 55, 59).
Shull moved for the imposition of sanctions against Habets for frivolously appealing the denial of his motion for sanctions. Rule 32, M.R.App.R, states that “[i]f the supreme court is satisfied from the *40 record and the presentation of the appeal... that the [appeal] ... was taken without substantial or reasonable grounds ... damages may be assessed ....” In this case, based on the record, we are not satisfied that Habets’ appeal was taken without substantial or reasonable grounds. We conclude that sanctions against Habets are not appropriate.
The judgment of the District Court is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
CHIEF JUSTICE TURNAGE, JUSTICES HUNT and WEBER concur.